**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MARJORIE DESNORD AND
LUGUY DESNORD,

Plaintiffs,

vs.

NATIONSTAR MORTGAGE, LLC,

Defendant.
_______________________________________/

## COMPLAINT

**COME NOW,** the Plaintiffs, Marjorie Desnord ("Mrs. Desnord") and Luguy Desnord ("Mr. Desnord")(together Mrs. Desnord and Mr. Desnord shall be referred to as the "Plaintiffs"), by and through undersigned counsel, and bring this action against the Defendant, Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.36 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

**JURISDICTION**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiffs reside in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. At all times material hereto, Defendant, Nationstar, was and is a limited liability corporation, with its principal place of business located at 8950 Cypress Waters Boulevard, Dallas, Texas 75019. Nationstar is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, with the address 1201 Hays Street, Tallahassee, FL 32301-2525.

9. At all times material hereto, Nationstar, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at **** SW 131 Terrace, Miramar, Florida 33027 (the "subject property").

10. At all times material hereto, Plaintiffs owned and continue to own the subject property, which is located in Broward County, Florida.

11. Plaintiffs' residence is a residential structure containing one to four family housing units.

12. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

13. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property, which is also the Plaintiffs' primary residence.

14. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ******9692.

**BACKGROUND AND GENERAL ALLEGATIONS**

15. On or about March 30, 2007, the Plaintiffs, entered into a promissory note agreement with First Magnus Financial Corporation, An Arizona Corporation (the "Note") for what they intended to be their primary residence.

16. The Note was secured by a mortgage on the subject property located at **** SW 131 Terrace, Miramar, Florida 33027 (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

17. On or about April 12, 2013, a foreclosure action was filed against the Plaintiffs in Broward County, Florida, bearing Case No. CACE13009181 (11), and styled as Nationstar Mortgage, LLC v. Marjorie Desnord and Luguy Desnord (the "Foreclosure").

18. On or about March 20, 2015, the Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent them in their efforts to save the subject property.

19. The Plaintiffs had legitimate concerns about specific charges that were being added to Plaintiffs' mortgage loan account and that status of their home.

**I. The Request for Information.**

20. In an effort to utilize the protections afforded to consumers by Congress, on December 4, 2016, Loan Lawyers—on behalf of the Plaintiffs—prepared and mailed to the Defendant a written request for information made pursuant to 12 C.F.R. §1024.36 of Regulation X ("Plaintiffs' RFI"). A true and correct copy of the Plaintiffs' RFI is attached as Exhibit "A."

21. Plaintiffs' RFI asked the Defendant to provide: (1) an accurate statement of the total outstanding balance of the loan pursuant in-part to 12 C.F.R. 1026.36(c)(3) (the "accurate payoff balance"); (2) the full name, address and telephone number of the current owner of the original mortgage note; and (3) Plaintiffs' RFI also asked that Nationstar, as servicer of the Plaintiffs' loan, to provide responses to specific requests for information which included the following:

**Request for Information Pursuant to 12 C.F.R. §1024.36 of Regulation X**
*(5 business days to acknowledge receipt pursuant to 12 C.F.R.§ 1024.36(c)*
*and 30 business days to respond pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(B)*

(A) Please provide a complete pay history for the life of the loan.

(B) I am in receipt of your recent mortgage statement dated November 18, 2016, and would like a *detailed* explanation of the various charges. A copy of same is attached hereto. Specifically, I am inquiring about the following fees/charges:

- $4,356.46 fee labeled as "Disbursement-County Tax"
- $4,356.46 fee labeled as "Payment-County Tax"
- $4,356.46 fee labeled as "Disbursement-County Tax"
- -$76,675.22 balance labeled as "Escrow Balance"
- $14,077.95 lender paid expense summary labeled as "Legal Fees"
- $763.15 lender paid expense summary labeled as "Property Inspections (10/18/2016)"
- $696.67 explanation of amount due labeled as "Total Fees and Charges"

See Exhibit "A".

22. In addition, Plaintiffs' RFI specifically requested that Defendant, Nationstar, provide for each of the fees and charges added to the Plaintiffs' balance, detailed explanation(s) of the charges, the specified dates of the accrual for each of the charges and sub-charges, and any support or evidence for each of the charges and amounts which Nationstar claimed as due on Plaintiffs' loan account, including copies of invoices and receipts for the specific charges levied.

23. While the Defendant's foreclosure counsel received the Plaintiffs' RFI on December 4, 2016, Nationstar received the Plaintiffs' RFI on December 12, 2016 at their designated Qualified Written Request ("QWR") address.[1]

24. The Defendant was obligated to acknowledge receipt of Plaintiffs' RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c), which here was no later than December 19, 2016.

25. Pursuant to 12 C.F.R. § 1026.36(c)(3), the Defendant was obligated to provide an accurate payoff balance statement within seven (7) business days of receipt of Plaintiffs' RFI, which here was no later than December 21, 2016.

26. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

<u>12 C.F.R. § 1026.36(c)(3)</u>.

---

[1] Pursuant to RESPA at Sections 12 C.F.R. §§1024.35(c) and 1024.36(b), servicers are required to designate a specific address for receipt of information requests and notices of error also known as QWRs.

27. The Defendant was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number pursuant to Section 1024.36(d)(2)(i)(A) of Regulation X.

28. It is Section 1024.36(d)(2)(i)(A) of RESPA, which obligated the Defendant to provide a response "*not later than 10 days* (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan." (Emphasis added).

29. Here, pursuant to 12 C.F.R. §1024.36(d)(2)(i)(A) the identity and relevant contact information for the owner of the Plaintiffs' underlying loan obligation was required to be provided no later than December 26, 2016.

30. Pursuant to 12 C.F.R. §1024.36(2)(ii), "[a] servicer may not extend the time period for [responding to] requests for information governed by paragraph (d)(2)(i)(A) of this section."

31. Further, the Defendant was obligated to provide its' written response to Plaintiffs' specific information requests within thirty (30) business days of receiving said requests, including the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d).

32. Here, pursuant to RESPA under 12 C.F.R. §1024.36(d), Nationstar was required to provide its' written response to the specific requests for information found in the Plaintiffs' RFI, no later than January 26, 2017.

33. Unlike a request made under 12 C.F.R. §1024.36(d)(2)(i)(A), a servicer *may* extend the time to respond to specific information requests provided that two conditions are met:

(1) the extension desired is for not more than 15 business days and (2) the servicer's written request for the extension is made before the end of the 30-day period to respond the Plaintiffs' RFI.

34. Prior to the expiration of the 30-days period to respond to the Plaintiffs' RFI, neither Plaintiffs, nor Loan Lawyers, ever received a request for an extension of time to respond to the Plaintiffs' RFI from the Defendant, Nationstar.

**II. The Initial Notice of Error.**

35. As of December 22, 2016, despite the explicit requirements of RESPA at Section 12 C.F.R. §1024.36(c) commanding Nationstar, as the loan servicer for Plaintiffs' federally related mortgage loan, to acknowledge Plaintiffs' RFI within five (5) business days of receiving the same, neither the Plaintiffs, nor their counsel received the required acknowledgement of Plaintiffs' RFI. This is a violation of RESPA.

36. As of December 22, 2016, despite the explicit requirements of RESPA at Sections 12 C.F.R. § 1026.36(c)(3) commanding Nationstar, as the loan servicer for Plaintiffs' federally related mortgage loan, provide an accurate payoff balance statement within seven (7) business days of receipt of Plaintiffs' RFI, Nationstar failed or refused to provide the accurate payoff balance statement to either the Plaintiffs, or their counsel, although the request for said statement was received by Nationstar on December 12, 2016. This is also a violation of RESPA.

37. Thus, on December 22, 2016, as a direct result of Defendant's violation of RESPA, Plaintiffs' counsel prepared and mailed the Defendant a Notice of Error pursuant to 12 C.F.R. 1024.35 (the "Initial Notice of Error") at Defendant's designated address. A true and correct copy of the Initial Notice of Error is attached as Exhibit "B."

38. While the Defendant's foreclosure counsel received the Plaintiffs' Initial Notice of Error on December 22, 2016, the Defendant received the Plaintiffs' Initial Notice of Error on December 28, 2016.

39. Plaintiffs' Initial Notice of Error was predicated by Nationstar's failures to both acknowledge the Plaintiffs' RFI, and provide the Plaintiffs with the accurate payoff balance statement for Plaintiffs' loan obligation as is required by RESPA's Section 12 C.F.R. §1026.36(c) (3). RESPA provides time frames within which the servicer must furnish these responses to the notice(s) of error under RESPA:

> "(3) Time limits—(i) In general. A servicer must comply with the requirements of paragraph (e)(1) of this section:
>
> (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section."[2]

12 C.F.R. 1024.35(e)(3).

40. Therefore, where Nationstar received the Plaintiffs' Initial Notice of Error on December 28, 2016, Nationstar was required to comply with RESPA and provide Plaintiffs with the accurate payoff balance statement for their loan obligation no later than January 9, 2017.

**III. The Acknowledgement to the Plaintiffs' RFI.**

41. On December 27, 2016, Loan Lawyers received a written correspondence from the Defendant acknowledging the inquiries made on behalf of Plaintiffs (the "Acknowledgement"). A true and correct copy of the Defendant's correspondence is attached as Exhibit "C".

---

[2] 12 C.F.R. §1024.35(b)(6) provides: *Scope of error resolution.* For purposes of this section, the term "error" refers to the following categories of covered errors: Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3).

42. The Acknowledgement from Defendant noted that "[o]ur goal is to provide a response no later than January 23, 2017." See Exhibit "C".

43. Nationstar's Acknowledgement included the relevant ownership information for the Plaintiffs' loan required by Section 1024.36(d)(2)(i)(A) of Regulation X.

44. The Acknowledgement from the Defendant also stated:

> Please note that Nationstar is the servicer of the loan; and therefore, will be responsible for responding to any concerns regarding the servicing of the loan. Servicing matters include, but are not limited to the following:
>
> - Payment assistance and modifications
> - Payment posting
> - Validation of the debt
> - Foreclosure proceedings
> - Payment adjustments

Id.

**IV. The Defendant's Initial Notice of Error Acknowledgement.**

45. By January 3, 2017, the accurate payoff balance statement requested by the Plaintiffs pursuant to 12 C.F.R. §1026.36(c) (3) had still not been provided although it was due December 21, 2016.

46. This is a violation of RESPA.

47. On January 3, 2017 however, Loan Lawyers did receive a written correspondence from the Defendant acknowledging the Plaintiffs' Initial Notice of Error (the Initial Notice of Error Acknowledgement). A true and correct copy of the Defendant's Initial Notice of Error Acknowledgement is attached as Exhibit "D".

48. The first portion of the Defendant's Initial Notice of Error Acknowledgement noted that "Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence on December 28, 2016, regarding the mortgage loan account described above." See Exhibit "D".

49. The second portion of Nationstar's Initial Notice of Error Acknowledgement stated that "[a] response will be provided no later than January 25, 2017. However responses are generally provided in less than ten days from receipt of correspondence." See Exhibit "D".

50. The second portion of the Defendant's Initial Notice of Error Acknowledgement contained an additional violation of RESPA; the reason being that Nationstar was required to correct the error of failing to provide Plaintiffs with the accurate payoff balance statement for their loan obligation by January 9, 2017, and not later.

## V. **<u>The Additional Notice of Error</u>**.

51. As of January 31, 2017, almost two months had passed since the Plaintiffs first made their requests; yet, much like the Defendant's failure to provide the Plaintiffs with their request accurate payoff balance statement, the Defendant had also failed to respond to any of the specific inquiries made in Plaintiffs' RFI regarding the basis for the imposition of specific fees and charges levied on Plaintiffs' federally related mortgage loan account.

52. The Defendant's failure to respond whatsoever to the specific inquiries made in Plaintiffs' RFI dated December 4, 2016, is a violation of RESPA, and specifically contrary to Section 1024.36(d)(2)(i)(B) of Regulation X.

53. On January 31, 2017, as a direct result of the Defendant's violation of RESPA, Plaintiffs' counsel prepared and mailed to the Defendant a Notice of Error pursuant to 12 C.F.R. §1024.35 (the " additional Notice of Error"). A true and correct copy of the additional Notice of Error is attached as Exhibit "E".

54. The Plaintiffs' additional Notice of Error stated in relevant part:

> Please let this letter serve as notice of your error and an opportunity to cure the error in that, to date, we have not received a response to the Request for Information ("RFI"), under 12 C.F.R. § 1024.36 of Regulation X of the Mortgage Servicing Act under RESPA, sent on behalf of the above-referenced client, which you received on December 12, 2016. A true and correct copy of the RFI is attached hereto for your convenience.
>
> Pursuant to Section 1024.36(d)(2)(i)(B), a servicer has thirty (30) business days within which to respond to an information request. To date, I have not received a response to the RFI.

See Exhibit "E."

55. Notwithstanding the Defendant's RESPA violation, the Plaintiffs' additional Notice of Error afforded the Defendant ten (10) additional days to respond with the information requested.

> We will afford you an additional 10 days to comply with Regulation X before we take legal action. In the event that you still need additional time, kindly notify us in writing before the expiration of the additional 10 days and we will be willing to supply some additional time. In the event you believe that there is an agreement that my client must give you notice and opportunity to cure, please allow this letter to serve as the same. Further, failure to timely acknowledge and respond to this notice of error may subject you to further liability under RESPA.

Id.

56. On February 7, 2017, the Defendant received the Plaintiffs' additional Notice of Error.

57. The Defendant was required to acknowledge receipt of Plaintiffs' additional Notice of Error in writing, within five (5) business days pursuant to 12 C.F.R. § 1024.35(d). Here, the Defendant's Acknowledgement of Plaintiffs' additional Notice of Error was due by February 14, 2017.

58. RESPA's Section 12 C.F.R. 1024.35(e)(3) provides time frames within which the servicer must furnish these responses to the notice(s) of error under RESPA:

> "(3) Time limits—(i) In general. A servicer must comply with the requirements of paragraph (e)(1) of this section:
>
> …
>
> (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and

> Sundays) after the servicer receives the applicable notice of error.
>
> (ii) Extension of time limit. For asserted errors governed by the time limit set forth in paragraph (e)(3)(i)(C) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing."

See 12 C.F.R. §1024.35(e)(3).

59. Section 12 C.F.R. 1024.35(e)(1) states what is required under RESPA when responding to a notice of error:

> "[A] servicer must respond to a notice of error by either:
> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

See 12 C.F.R. §1024.35(e)(1).

VI. **Correspondences but No Responses**.

60. On February 6, 2017, Loan Lawyers received yet another correspondence from Nationstar (the "Extension Request"). A true and correct copy of the Defendant's Extension Request is attached as Exhibit "F".

61. Nationstar's Extension Request explained:

> **Why am I receiving this letter?**
>
> Thank you for reaching out to us on December 4, 2016. We appreciate the opportunity to make things right.
>
> **What do I need to know?**
>
> At this time, we are gathering the information requested in your correspondence and we are investigating your concerns as well. We apologize for any inconvenience this may have caused and appreciate your patience. Expect to hear from us by February 15, 2017.

See Exhibit "F".

62. The Defendant's Extension Request dated January 25, 2017, appeared to Nationstar's attempt at availing it of the single extension request as contemplated by RESPA at 12 C.F.R. §1024.36(d)(2)(i)(A).

63. Unlike a request made under 12 C.F.R. §1024.36(d)(2)(i)(A), a servicer *may* extend the time to respond to specific information requests provided that two conditions are met: (1) the extension desired by the servicer is *for not more than 15 business days* and (2) the servicer's written request for the extension is made before the end of the 30-day period to respond the Plaintiffs' RFI. See 12 C.F.R. §1024.36(d)(2)(i)(A).

64. Again, Nationstar's Extension Requested noted that they would respond "by February 15, 2017". See again Exhibit "F".

65. On February 16, 2016, Loan Lawyers received yet another correspondence, which purported to be an acknowledgement of the Plaintiffs' additional Notice of Error (the "acknowledgement of the additional Notice of Error"). A true and correct copy of the Defendant's acknowledgement of the Notice of Error is attached as Exhibit "G".

66. The Defendant's acknowledgement of the Notice of Error provided:

> Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence on February 06, 2017 regarding the mortgage loan account described above. We thank you for bringing this matter to our attention. We take all matters seriously and are in the process of reviewing your concerns.
>
> A response will be provided no later than February 15, 2017. However, responses are generally provided in less than ten days from receipt of the correspondence.

Id.

67. As of the date of the filing of this Complaint, the Defendant, Nationstar has still failed or refused to provide the Plaintiffs with their accurate payoff balance statements as was originally requested by Plaintiffs' RFI dated December 4, 2016, contrary to RESPA's 12 C.F.R. § 1026.36(c)(3).

68. As of the date of the filing of this Complaint, the Defendant has still failed or refused to respond to Plaintiffs' RFI requests regarding the specific basis for the imposition of fees and charges added to Plaintiffs' federally related loan obligation, contrary to RESPA's 12 C.F.R. §§1024.36(d)(2)(i)(B).

69. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not—
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added).

70. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to

RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

71. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

72. Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and have agreed to pay a reasonable attorney's fee.

## DAMAGES

73. The Plaintiffs have been injured in fact, and suffered actual damages by virtue of the Defendant's violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. Plaintiffs' injuries result in-part from the Defendant's invasion of Plaintiffs' legally protected interests that are concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing an accurate payoff balance statement, and failing to provide timely, compliant, or in this case, any responses to the Plaintiffs' specific requests for information directly related to Nationstar's servicing of their federally related mortgage loan, despite the Defendant having received those requests for information on December 12, 2016. See Mahala A. Church, Plaintiff - Appellant, v. Accretive Health, Inc., Defendant - Appellee., No. 15-15708, 2016 WL 3611543, at

*1–3 (11th Cir. July 6, 2016)(quoting Spokeo, Inc. v. Robins, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

74. The Plaintiffs are entitled to actual damages as a result of the Defendant's consistent failures to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) the photocopying costs and postage costs incurred in preparing and mailing Plaintiffs' multiple notices of error which became necessary only after Defendant violated RESPA Sections 1026.36(c)(3) and 1024.36(d); and (2) the reasonable attorney's fees incurred as a result of having to prepare and mail the additional correspondences to Defendant, due to the Defendant's failures to provide a payoff timely, and adequately respond to any of the specific inquiries made, as required by RESPA, which includes the Notices of Error. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Rodriguez v. Seterus, Inc., No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015)(the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

75. Plaintiffs are entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of 's pattern or practice of noncompliance with Regulation X and RESPA.

76. The Defendant, Nationstar, has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

> (1) With respect to CFPB Consumer Complaint ID 2015872, the Defendant violated RESPA and specifically violated 12 C.F.R.

§ 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(2) With respect to CFPB Consumer Complaint ID 2194041, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(3) With respect to CFPB Consumer Complaint ID 2168495, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(4) With respect to CFPB Consumer Complaint ID 1888640, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(5) The Defendant Nationstar has also violated Regulation X with respect to loan number ******5837. The Defendant violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide any response to a written request for information within the required timeframe. Specifically, Nationstar failed to provide any response to specific requests about fees and costs imposed on the Borrower's mortgage loan account.

(6) The Defendant Nationstar has also violated Regulation X with respect to loan number ******9689. The Defendant violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide any response to a written request for information within the required timeframe. Specifically, Nationstar failed to provide any response to specific requests about fees and costs imposed on the Borrower's mortgage loan account.

77. Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**<u>COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)(1)(C):</u>**

78. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 77 against the Defendant, Nationstar.

79. Pursuant to 12 C.F.R. § 1026.36(c)(3), the Defendant was required to provide an accurate payoff balance statement within seven (7) business days of receipt of the Plaintiffs' RFI.

80. Nationstar received the Plaintiffs' RFI on December 12, 2016; therefore Nationstar was required to provide its response to Plaintiffs' request for an accurate payoff balance statement no later than December 21, 2016.

81. Moreover, the Defendant failed to comply with 12 C.F.R. § 1024.35(e)(1)(i), 12 C.F.R. § 1024.35(e)(3)(i)(A), when Nationstar did not provide its written response to the initial Notice of Error which alerted Nationstar to failure to comply with RESPA's Section 12 C.F.R. 1026.36(c)(3).

82. On December 28, 2016, Nationstar received the Initial Notice of Error for failing to provide the accurate payoff balance statement.

83. Although again, Loan Lawyers did later receive a written correspondence from the Defendant acknowledging the Plaintiffs' Initial Notice of Error (the Initial Notice of Error Acknowledgement) Nationstar stated advised they would provide a response to the Plaintiffs' Initial Notice of Error outside of RESPA's permitted timeline. Nationstar was required to correct the error of failing to provide Plaintiffs with the accurate payoff balance statement for their loan obligation by January 9, 2017, and not later.

84. Nationstar has still not provided a response to Plaintiffs' RFI, and specifically the accurate payoff balance statement request made pursuant to 12 C.F.R. 1026.36(c)(3), within the required timeframe.

85. As such, the Defendant, The Defendant, has violated 12 U.S.C. §§ 2605(k)(1)(C)

**WHEREFORE,** Plaintiffs, Marjorie Desnord and Luguy Desnord, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide an accurate payoff statement;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)(1)(E):**

86. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 77 against the Defendant, Nationstar.

87. The Defendant has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) in that Nationstar simply did not provide any responses to the Plaintiffs' requests for information within the required timeframe despite Nationstar receiving the Plaintiffs' RFI on December 12, 2016.

88. As such, The Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

**WHEREFORE,** Plaintiffs, Marjorie Desnord and Luguy Desnord, respectfully ask this Court to enter an order granting judgment for the following:

(a) That Defendant be required to provide the responsive information to the specific requests included in Plaintiffs' December 4, 2016 RFI including but not limited to the questions concerning the imposition of, support and basis for the fees and costs ("the charges") imposed to the Plaintiffs' federally related mortgage account, including all invoices and proof(s) of payment by Nationstar for said charges, etc.;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, Marjorie Desnord and Luguy Desnord, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Michael A. Citron

Michael A. Citron, Esq.
Florida Bar No.: 105083
E-mail: Michael@Fight13.com
Matthew Yerachmiel David Bavaro, Esq.
Florida Bar No.: 175821
E-mail: Matthew@Fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiffs*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786